**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tony HENDERSON, a.k.a. Hollywood,**
**Defendant–Appellant.**

**No. 12–14628**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 29, 2015.

Michelle Thresher Taylor, Robert E. O'Neill, U.S. Attorney's Office, Tampa,

FL, Bonnie Ames Glober, Russell C. Stoddard, U.S. Attorney's Office, Jacksonville, FL, for Plaintiff–Appellee.

Tony Henderson, Macclenny, FL, for pro se.

Before WILLIAM PRYOR, MARTIN, and JORDAN, Circuit Judges.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM:

The Supreme Court vacated our prior decision in this case, *United States v. Henderson*, 555 Fed.Appx. 851 (11th Cir. 2014), holding that 18 U.S.C. § 922(g) does not categorically bar a convicted felon from transferring lawfully obtained firearms to a third party "unless [the transfer] would allow the felon to later control the [firearms], so that he could either use them or direct their use." *Henderson v. United States*, —— U.S. ——, 135 S.Ct. 1780, 1783, 191 L.Ed.2d 874 (2015). We remand to the district court so that it may consider Mr. Henderson's request that the FBI transfer his firearms to his wife or a friend in accordance with the principles articulated by the Supreme Court in *Henderson*. *See id.* at 1787 ("[W]hen a court is satisfied that a felon will not retain control over his guns, § 922 does not apply, and the court has equitable power to accommodate the felon's request [for a transfer].").

**REMANDED WITH INSTRUCTIONS.**